UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LILLIAN ABALO JOHN, )  )  Plaintiff )  ) v. ) )  RESIDENCE HOTEL, ) )  Defendant ) | No.  2:16-cv-199-GZS |

### ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDING DISMISSAL OF THE CASE IN ITS ENTIRETY

In this action, the plaintiff apparently contends that she is entitled to part-time employment by the defendant.  I grant the plaintiff's request for leave to proceed *in forma pauperis* but recommend that the court dismiss the action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1).  However, section 1915(e)(2)(B) also provides, in relevant part:

> [T]he court shall dismiss the case at any time if the court determines that
>   (B) the action or appeal  --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from
> such relief.

28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Nietzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S. D. Iowa*, 490 U.S. 296, 307-08 (1989) ("[28 U.S.C. § 1915], for example, authorizes courts to

dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.")

The plaintiff's application for leave to proceed *in forma pauperis*, without paying fees or costs, is incomplete. Signed under penalty of perjury, it indicates that she is possibly receiving an unspecified amount of unemployment benefits, may be receiving an unspecified amount of rent, interest, or dividends (both the "yes" and the "no" columns are checked in this category on the form), and has $20 in her checking account. Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2). Giving the plaintiff the benefit of the doubt, it appears likely that she would qualify for *in forma pauperis* status, and I will grant her request.

As noted above, the statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's case may proceed. In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In this regard, a *pro se* plaintiff's complaint must be read liberally. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

So read, the plaintiff's complaint alleges that the Residence Hotel, after sending her home on the basis that they did not have work for her, called her to go in and sign for "pto hours," after which they refused to give her the "pto 26 hours" to which she is entitled. [Complaint] (ECF No. 1). No basis for federal court jurisdiction is alleged, and none is apparent. Neither diversity jurisdiction, 28 U.S.C. § 1332, nor federal question jurisdiction, 28 U.S.C. § 1331, is pleaded. The claim as stated appears to be appropriate for determination, if at all, in Maine state court rather than federal court.

For the foregoing reasons, the plaintiff's application to proceed *in forma pauperis* is **GRANTED,** and I recommend that the complaint be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 10th day of June, 2016.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge